796 P.2d 162

**Melladean JOHNSON,
Plaintiff–Appellant,**

v.

**CITY OF HOMEDALE, Mayor and
Members of the City Council,
Defendants–Respondents.**

**No. 17879.**

Court of Appeals of Idaho.

July 25, 1990.

Melladean Johnson, Homedale, plaintiff-appellant pro se.

Gary L. Morgan, Caldwell, for defendants-respondents.

BURNETT, Judge.*

This case involves a dispute over the issuance of a special use permit. The primary issue on appeal is whether the permit should have been denied on the ground that the application for the permit did not contain a narrative statement and concept plan, as required by municipal ordinance, at the time it was submitted. For reasons discussed below, we vacate the district court judgment and remand for additional factual findings. We will briefly address

* This opinion was prepared by BURNETT, J., and voted on by the Court prior to his resignation

other issues raised, for guidance on remand.

The facts are as follows. In November, 1987, the South Board of Control, an irrigation district in Owyhee County, applied to the City of Homedale's Planning and Zoning Commission for a special use permit which would allow it to build an automotive and equipment storage yard (an industrial use) in an area currently zoned commercial. The Planning and Zoning Commission held a special meeting on May 5, 1988, and decided to place conditions on the use permit, including a requirement that the storage yard be surrounded by cement block walls. On June 2, a public hearing was held on the matter. At that time, the attorney for the irrigation district suggested that a chain link fence be used to encircle the storage yard, instead of the eight-foot concrete block walls. Several local residents, including Melladean Johnson, then objected to the special use permit being issued. On June 7, the Homedale City Council held a regular meeting and, based on the recommendation of the Planning and Zoning Commission, approved the issuance of the special use permit. Johnson subsequently filed a complaint in the district court, alleging that the permit had been granted illegally. The City of Homedale moved for summary judgment. The district court granted the motion and this appeal followed.

■ The primary issue on appeal is whether the application for a special use permit in the City of Homedale must contain a concept plan and narrative statement when it is submitted. Johnson argues these items should be submitted with the application. The city contends they can be submitted at a later date. We agree with Johnson.

We begin our analysis of this issue with the language of the City of Homedale's zoning ordinance. Article X states in pertinent part:

July 16, 1990.

SECTION B. **CONTENTS OF APPLI-CATION FOR SPECIAL USE PERMIT**

. \* \* \* \* \* \*

6. *A concept plan* of the proposed site for the special use showing the location of all buildings, parking and loading area, traffic access and traffic circulation, open spaces, landscaping, refuse and service areas, utilities, signs, yards and such other information as the Commission or City may require to determine if the proposed special use meets the intent and requirements of this Ordinance; and

7. *A narrative statement* evaluating the effects on adjoining property; the effect of such elements as noise, glare, odor, fumes and vibration on adjoining property; a discussion of the general compatibility with adjacent and other properties in the district; and the relationship of the proposed use to the Comprehensive Plan. [Emphasis added.]

From this language, it is clear that an application for a special use permit must include a concept plan and narrative statement to put the public on notice of the effects of the proposed special use. This notice allows citizens to make informed arguments and objections when a public hearing is held on the proposed land use. Absent these attachments, citizens are left with a dearth of information on whether—and in what regard—to object to the proposal. Citizens should not be forced to attend a public hearing to find out what a developer proposes to do. That information must be available in advance.

In addition, we observe that adequate notice, such as that required in Homedale's ordinance, is statutorily mandated when zoning authorities are requested to change the authorized use for a particular parcel of property. *See* I.C. §§ 67–6509 and 67–6512; *Gay v. County Commissioners of Bonneville County*, 103 Idaho 626, 651 P.2d 560 (Ct.App.1982) (review denied). Consequently, we believe the concept plan and narrative statement must be submitted with the application. It is not sufficient that they be provided at some later date,

such as the date of the public hearing itself.

■ Having reached this conclusion, we must now determine whether the application in this case contained a concept plan and narrative statement when it was submitted. The record is not clear on this point. The district court stated in its memorandum decision that the application met all ordinance requirements. However, the court appeared to base this statement on its belief that the ordinance requirements were satisfied as long as a public hearing was held in lieu of the submission of the narrative statement and concept plan. Therefore, we are unable to discern whether the court's statement in its memorandum decision constituted a finding that the application was in fact submitted with the concept plan and narrative statement attached. Our review of the record has revealed some indications that the concept plan and narrative statement were submitted late. These include minutes from the June 7, 1988, meeting where the city's attorney was asked whether it mattered that the concept plan was not included with the application; minutes from the June 2, 1988, hearing, stating that the concept plan and narrative statement were presented at that meeting; the fact that the concept plan then submitted, which suggested a link chain fence, clearly differed from the drawing offered on May 9 by the applicant, which described an eight foot block wall; and the fact that the application had the word "none" typed on the lines provided for a narrative statement.

Consequently, the basis for the district court's decision is unclear. In the absence of a clear understanding of the basis for that decision, we must remand the case to the district court for an express factual finding on whether the narrative statement and concept plan were submitted in a timely fashion. If the narrative statement and plan were not timely submitted, the City of Homedale should not have conducted a hearing and approved the special use permit.

■ Johnson has raised a number of other issues as well. Because we must re-

mand for factual findings on whether adequate notice was given to the public by timely submission of the narrative statement and concept plan, we will briefly discuss the additional issues merely for the district court's guidance. First, we note that Johnson attempted to call witnesses at a hearing on the summary judgment motion, but the district court ruled that live witnesses could not testify at the proceeding. If the court believed that live testimony is precluded by law in summary judgment proceedings, such a belief would be erroneous. We have previously held that Rule 43(e), I.R.C.P., authorizes oral testimony at summary judgment proceedings. *Rawson v. Idaho State Board of Cosmetology,* 107 Idaho 1037, 695 P.2d 422 (Ct. App.1985). However, the court may exercise its discretion to request affidavits as the preferred method of presenting facts relevant in a summary judgment proceeding; and the court may limit any testimony tending to create a "mini-trial" on a summary judgment motion.

Johnson also attempted to submit exhibits and photographs at the summary judgment hearing. The district court did not admit these items, apparently because they were not attached to an affidavit or a verified complaint. Except when live testimony is allowed, exhibits must be mentioned in, or attached to, a party's verified complaint or affidavit. *See Shacocass, Inc. v. Arrington Construction Co.,* 116 Idaho 460, 776 P.2d 469 (Ct.App.1989). We note, however, some evidence in this case was submitted by the City of Homedale in memorandum form, rather than being attached to an affidavit or verified complaint. On remand, we are sure the district court will treat the parties in an even-handed manner.

Finally, Johnson has challenged the Planning and Zoning Commission's implicit finding that the storage yard would not adversely affect surrounding property. We assume the Commission made this finding when it recommended granting the special use permit because Article X, Section C, of the zoning ordinance provides that a special use must be "harmonious" with zoning ordinances and must not disturb "neighboring uses." The district court did not directly address this contention. Obviously, it will not be necessary to do so on remand if the court determines that the special use permit was improvidently issued because the narrative statement and concept plan were not timely submitted. However, if the narrative statement and concept plan were submitted in a timely fashion, the district court will need to re-evaluate the neighborhood impact issue. When Johnson first raised this issue before the district court, the court stated it could not substitute its judgment for that of the Commission's. This is not precisely correct. The district court must defer to the Commission's factual findings only if they are supported by substantial evidence, and the court may independently determine whether ordinance requirements have been satisfied upon the facts found. *See, e.g., Roll v. City of Middleton,* 105 Idaho 22, 665 P.2d 721 (1983); *City of Burley v. McCaslin Lumber Co.,* 107 Idaho 906, 693 P.2d 1108 (Ct.App.1984).

In conclusion, we vacate the summary judgment and remand the case for additional factual findings and proceedings in accordance with this opinion. No costs or attorney fees awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.