958 P.2d 583

Edward PRICE and Elizabeth Price, husband and wife, and Jerry Brown and Louise Brown, husband and wife, Petitioners–Appellants–Cross Respondents,

v.

PAYETTE COUNTY BOARD OF COUNTY COMMISSIONERS, Respondents–Cross Appellants.

No. 23049.

Supreme Court of Idaho,
Boise, February 1998 Term.

May 8, 1998.

Thompson, Ashcraft and Burnham, Boise, for appellants. James C. Burnham argued.

Bert L. Osborn, Payette, for respondent. Bert L. Osborn argued.

TROUT, Chief Justice.

This is an appeal from a zoning decision by the Payette County Board of County Commissioners (Board) in favor of Lloyd Bone (Bone). The Board rezoned a piece of land owned by Bone from prime agricultural to residential, and amended Payette County's

Comprehensive Plan (Comprehensive Plan) to comport with the zoning change. We vacate the Board's decision and remand the case for further proceedings in accordance with this opinion.

## I. BACKGROUND

Bone owns 80 acres of land in Payette County which are zoned "prime agricultural." Bone filed a petition with the Payette County Planning and Zoning Commission (Commission) requesting that the Comprehensive Plan be amended to allow his property to be rezoned from an agricultural zone to a residential zone for the purpose of subdividing the property into residential lots. Two couples, Edward and Elizabeth Price, and Jerry and Louise Brown, each own 80 acres adjacent to Bone's property. Both the Prices and the Browns (hereinafter referred to collectively as "Price") use their property for agricultural activities and are opposed to Bone's request for a zone change. The Commission held several public hearings on the issue of Bone's request, and ultimately notified the Board by letter that the Commission had voted to forward an unfavorable recommendation.

After holding a public hearing, the Board granted Bone's application for a zone change and an amendment to the Comprehensive Plan. The Board entered its findings of fact, and passed Ordinance No. 97 rezoning Bone's property. Price submitted a motion to reconsider, which was denied by the Board. Price then appealed to the district court. The district court affirmed the Board's decision in part and remanded the case for further proceedings. The remand was limited to a requirement for a second hearing by the Board on the decision to amend the Comprehensive Plan. The Board held the second public hearing as required by the district court's order.

## II. STANDARD OF REVIEW

■ The Idaho Administrative Procedures Act (I.A.P.A.) governs the review of local zoning decisions. *See Comer v. County of Twin Falls*, 130 Idaho 433, 437, 942 P.2d 557, 561 (1997). In an appeal from the decision of a district court acting in its appellate capacity under the I.A.P.A., the Court reviews the agency record independently of the district court's decision. *Id.* (citations omitted); *Howard v. Canyon County Bd. of Comm'rs*, 128 Idaho 479, 480, 915 P.2d 709, 710 (1996) (citation omitted). The Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67–5279(1). Rather, the Court should defer to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998) (citing *South Fork Coalition v. Board of Comm'rs of Bonneville County*, 117 Idaho 857, 860, 792 P.2d 882, 885 (1990)). In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial competent evidence in the record. *Id.*

■ The Board's zoning decision may only be overturned where its findings: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. *Id.* (citing I.C. § 67–5279(3)). The party attacking the Board's decision, here Price, must first illustrate that the Board erred in a manner specified in I.C. § 67–5279(3), and then that a substantial right of Price has been prejudiced. *Id.* (citing *Angstman v. City of Boise*, 128 Idaho 575, 578, 917 P.2d 409, 412 (Ct. App.1996)).

## III. THE APPELLANTS ARE NOT ESTOPPED FROM OBJECTING TO THE BOARD'S DECISION TO REZONE BONE'S PROPERTY AND AMEND THE COMPREHENSIVE PLAN.

■ The Board contends that Edward and Elizabeth Price are estopped from objecting to the Board's decision to rezone Bone's property and amend the Comprehensive Plan because they signed an agreement when they purchased their farm stating they had no

objection to the development of the property adjoining their farm. This agreement is between Edward and Elizabeth Price and the landowner who sold them their farm, and therefore does not prevent Edward and Elizabeth from challenging the Board's actions. Furthermore, Jerry and Louise Brown are appellants in this case and they did not sign any such agreement. Thus, we will consider the appellants' challenge to the Board's actions.

## IV. THE BOARD'S AMENDMENT OF THE COMPREHENSIVE PLAN WAS MADE UPON UNLAWFUL PROCEDURE, AND THUS, BOTH THE AMENDMENT TO THE COMPREHENSIVE PLAN AND THE REZONE DECISION MUST BE VACATED.

■ Both Price and the Board raise issues on appeal which concern the Board's procedure in amending the Comprehensive Plan. First, Price contends the Board acted unlawfully when it amended the Comprehensive Plan contemporaneously with its decision to rezone Bone's property. The Board contends the Idaho Code does not prohibit consideration of both issues simultaneously. I.C. § 67–6511(c) provides that if a rezone request does not comport with the Comprehensive Plan, as is the case here, the Board should first consider an amendment to the Comprehensive Plan. After the Comprehensive Plan is amended, then the Board may consider a request for an amendment to the zoning ordinance. See I.C. § 67–6511(c). Although these procedures can be done in tandem, the Board should deliberate first on the proposed amendment to the Comprehensive Plan, and consider whether or not a general type of growth should be permitted in a particular area; then, once the Board has made that determination, the Board should decide the appropriateness of a rezone within that area. This procedure ensures that the Board considers the overall development scheme of the county prior to consideration of individual requests for amendments to zoning ordinances. Here, the Board's Order provides no indication that the Board considered Bone's two requests in the appropriate sequence. The Order does not make clear which of the Board's findings relate to the proposed amendment to the Comprehensive Plan and which of its findings relate to Bone's request for an amendment to the zoning ordinance. In fact, in its Order, the Board appears to have granted the rezone first and then amended the Comprehensive Plan accordingly.

■ Second, on cross-appeal, the Board asserts the district court erred in requiring the Board to hold a second hearing on its decision to amend the Comprehensive Plan. The district court, acting in its appellate capacity, considered whether the Board violated I.C. § 67–6509(b) by failing to hold a second hearing prior to its adoption of the amendment to the Comprehensive Plan. If the Board, after a public hearing on a request to amend the Comprehensive Plan, makes "a material change in the plan," then the Board must provide notice of, and conduct, a second hearing before the Board adopts the amendment. See I.C. § 67–6509(b). Because the Comprehensive Plan states as one of its goals the avoidance of residential development upon prime agricultural lands, an amendment to the Comprehensive Plan which rezones agricultural property as residential property constitutes a material change for the purpose of I.C. § 67–6509(b). Thus, the Board should have held a second public hearing before it adopted the amendment to the Comprehensive Plan. The district court recognized this deficiency in the Board's procedure and remanded the case for a second hearing by the Board on the proposed amendment; however, the district court's action did not cure the procedural deficiency. The district court should have set aside the amendment to the Comprehensive Plan because it was in violation of I.C. § 67–6509(b) and remanded the case for a new set of hearings on the Comprehensive Plan amendment. In addition, the district court should have set aside the rezone decision because it would no longer comport with the Comprehensive Plan. Only after the Board follows the correct procedures on remand in amending the Comprehensive Plan can the Board consider Bone's request for an amendment to the zoning ordinance.

For the above reasons, we find that the Board's amendment of the Comprehensive Plan was made upon unlawful procedure, in violation of I.C. § 67–5279(3)(c). The Board's actions result in a lack of orderly growth within the county, thereby diminishing Price's property value and hampering his use and enjoyment of his land. Thus, we vacate the Board's decision as to the Comprehensive Plan amendment and the zoning change, and remand the case for further proceedings.

## V. ADDITIONAL ISSUES PRESENTED ON APPEAL

Price has raised a number of other issues on appeal. "Where an appellate court reverses or vacates a judgment upon an issue properly raised, and remands for further proceedings, it may give guidance for other issues on remand." *Cummings v. Cummings*, 115 Idaho 186, 190, 765 P.2d 697, 701 (Ct.App.1988). *See, e.g., K. Hefner, Inc. v. Caremark, Inc.*, 128 Idaho 726, 732, 918 P.2d 595, 601 (1996); *Johnson v. City of Homedale*, 118 Idaho 285, 287–88, 796 P.2d 162, 164–65 (Ct.App.1990). We will address the remainder of the arguments presented by Price on appeal for the purpose of providing guidance on remand.

### A. Evidence to support findings

▮▮ Price asserts that many of the Board's findings of fact are not supported by substantial evidence in the agency record and, therefore, violate I.C. § 67–5279(3)(d). There is serious doubt about the sufficiency of the evidence in support of the Board's finding that Bone's property is adequately served by public services, given that the testimony relating to fire and police protection seems to be unfavorable to Bone, and the record lacks any testimony concerning the adequacy of the school facilities. Furthermore, the conclusory nature of the findings is insufficient. The Board, in considering Bone's request for a zoning change and an amendment to the Comprehensive Plan, must make specific, written findings of fact and conclusions upon which its decision is based. *Workman Family Partnership v. City of Twin Falls*, 104 Idaho 32, 38, 655 P.2d 926, 932 (1982) (citing *Cooper v. Board of County Comm'rs*, 101 Idaho 407, 411, 614 P.2d 947, 951 (1980)). On remand, the Board should set forth the factual basis for its findings and provide further explanation as to why it is making these findings. Although the Board can make its findings as to the proposed Comprehensive Plan amendment and the rezone request in one document, the Board should set forth its findings as to the proposed amendment independently of its findings as to the rezone request so it is clear to the reviewing court to which action the findings relate.

### B. Development agreement

▮▮ Price asserts that, pursuant to I.C. § 67–6511A and Payette County Ordinance No. 57, the Board should have entered into a development agreement with Bone to ensure that he provides adequate services for the proposed subdivision. The Board responds that the decision to enter into a development agreement is discretionary and, therefore, the Board did not err in declining to enter into such an agreement with Bone. I.C. § 67–6511A provides the authority for the Board to adopt an ordinance stating that the Board may require or permit as a condition of rezoning that a developer make a written commitment concerning the use or development of the subject parcel. Pursuant to I.C. § 67–6511A, Payette County adopted Ordinance No. 57, which states that before permitting agricultural land to be rezoned residential, the Commission *may* require a written proposal setting forth proposed streets, sewers, public utilities, curbs, and gutters. *See* Payette County Ordinance No. 57, Chapter 8, Section 8–7(b) (1988). We agree with the Board that the decision to enter into a development agreement is purely discretionary, and thus, the Board was not required to enter into a development agreement with Bone.

### C. Spot zoning

▮▮ Price argues that the Board's decision to rezone Bone's property constitutes "spot zoning," in violation of I.C. § 67–6511. The Board contends that the zone change is consistent with the area's increasing residen-

432

tial flavor, and therefore, the decision does not constitute "spot zoning." Spot zoning is the reclassification of one or more lots for a use prohibited by the original zoning ordinance. *Dawson Enter., Inc. v. Blaine County,* 98 Idaho 506, 514, 567 P.2d 1257, 1265 (1977). Such reclassification is valid

> when non-conforming uses are so pervasive that the character of the neighborhood has actually changed from its purported zoning classification; when there is selective or discriminatory application of the zoning ordinance to the particular property in question; when a property owner presents a *prima facie* case of unreasonableness and the zoning authority offers no evidence to show that its denial of the variance is reasonably related to valid zoning objectives; or when the use was incident to a valid non-conforming use which pre-existed the zoning ordinance in question.

*Id.* at 514–15, 567 P.2d at 1265–66 (emphasis in original) (citations omitted). However, if the Board permits a use of a single parcel that is inconsistent with the use permitted in the rest of the zoning district, such use is not in accordance with the Comprehensive Plan, and the permitted variance is merely for private gain, then the variance is invalid. *Id.* at 515, 567 P.2d at 1266 (citations omitted). There appears to be sufficient testimony in the record about growth in the relevant area, and the appropriateness of expanding the residential area, to support a determination that the Board's actions do not constitute "spot zoning."

## VI. PRICE IS NOT ENTITLED TO AN AWARD OF ATTORNEY'S FEES ON APPEAL.

■ Price contends that he is entitled to an award of attorney's fees on appeal pursuant to I.C. § 12–121. An award of attorney's fees is proper under I.C. § 12–121 if the Court is left with the "abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably and without foundation." *Balderson v. Balderson,* 127 Idaho 48, 54, 896 P.2d 956, 962, *cert. denied,* 516 U.S. 865, 116 S.Ct. 179, 133 L.Ed.2d 118 (1995) (citing *Minich v. Gem State Developers, Inc.,*

99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979)). Because the Board's interpretation of the administrative record was reasonable, we find the Board's defense of the appeal was not frivolous and, therefore, we do not award attorney's fees on appeal to Price.

## VII. CONCLUSION

We vacate the Board's decision and remand the case for further proceedings in accordance with this opinion. We award costs, but not attorney's fees, on appeal to Price.

JOHNSON, SILAK and WALTERS, JJ., and STEGNER, J. Pro Tem., concur.