# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47183

| | |
|---|---|
| ACTION COLLECTION SERVICE, INC., | ) ) Filed: September 28, 2020 |
| Plaintiff-Respondent, | ) ) Melanie Gagnepain, Clerk |
| v. | ) ) THIS IS AN UNPUBLISHED |
| DOUG HEIM and GLENDA HEIM, | ) OPINION AND SHALL NOT ) BE CITED AS AUTHORITY |
| Defendants-Appellants. | ) ) ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Susan E. Wiebe, District Judge.

Judgment in collection action, <u>affirmed</u>.

Doug Heim and Glenda Heim, Weiser, pro se appellants.

Shaun R. Bonney of Shearer & Bonney, P.C., Boise, for respondent.

_____

LORELLO, Judge

Doug Heim and Glenda Heim appeal from a judgment entered in a collection action. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The Heims incurred dental expenses and fell behind on their payments. The unpaid debt of $10,935 was assigned to Action Collection Services, LLC. In an effort to collect on that debt, Action Collection filed a complaint against the Heims. The Heims appeared pro se and filed an answer.

Action Collection moved for summary judgment on its claim. The motion notified the Heims of their responsibility under I.R.C.P. 56 to file responsive materials before the hearing. Despite this warning, the Heims failed to file any responsive briefing, affidavits, or motions.

1

At the hearing on the motion for summary judgment, Doug Heim stated he could testify to certain topics, such as the terms of the contract. The Heims did not request a continuance for additional time to present evidence. The district court informed the Heims they could not testify at the hearing, but that the motion would instead be decided on the evidence contained in the record. The district court orally granted Action Collection's motion.

Moments after the district court's ruling, an attorney asked to make a limited appearance to argue on behalf of the Heims. The district court denied the attorney's request because the attorney had not filed a notice of appearance. After the hearing, the district court entered judgment against the Heims, awarding the full amount sought. The judgment was later amended to include an award of costs and attorney fees. The Heims appeal.

## II.

## ANALYSIS

As framed by the Heims, the sole issue on appeal is whether "the [district court] abuse[d] its discretion in entering summary judgment in the amount ordered against [the Heims]." This issue statement is somewhat unclear, as summary judgment is granted or denied as a matter of law, not discretion. *See, e.g.*, *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). In their briefing, however, the Heims make it clear that they do not challenge the district court's order of summary judgment[1] but, instead, contend that the district court abused its discretion by not allowing testimony at the summary judgment hearing, not sua sponte ordering a continuance of that hearing, and not allowing argument from the attorney who attempted to appear on a limited basis at that hearing.[2] We hold that the Heims have failed to show that the district court erred.

---

[1]    The Heims may have intended to challenge the order granting summary judgment, but failed to present argument or authority on that point. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). As such, we decline to review the order of summary judgment for error.

[2]    The Heims also assert a violation of Idaho's Constitution because they have not had "their day in court." The Heims did not raise this issue at the trial court level. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815, P.2d 1061, 1062 (1991). As such, their constitutional arguments will not be considered.

2

**A.  Testimony at Summary Judgment Hearing**

The Heims rely on *Johnson v. City of Homedale*, 118 Idaho 285, 796 P.2d 162 (Ct. App. 1990), for their contention that the district court abused its discretion by not recognizing it had discretion to allow them to present testimony at the summary judgment hearing. In *Johnson*, the Court stated that a trial court may allow parties to present testimony at a summary judgment hearing. *Id.* at 288, 796 P.2d at 165. However, this part of *Johnson* has been overruled. *See Golay v. Loomis*, 118 Idaho 387, 391 n.3, 797 P.2d 95, 99 n.3 (1990). According to *Golay*, testimony is not permitted at a summary judgment hearing. *Id.* As a result, the district court had no discretion in the matter and did not err by refusing to allow the Heims to present testimony at the summary judgment hearing.

**B.  Continuance**

The Heims contend the district court abused its discretion by failing to recognize that it had discretion under I.R.C.P. 56(e) to either allow the Heims to present testimony at the summary judgment hearing, continue the hearing to give the Heims an opportunity to present additional evidence, or enter partial summary judgment and leave the remaining issues for another day. As noted, the district court had no authority to allow testimony, negating the first option. The remaining two options proposed by the Heims essentially were for a continuance of some kind. Under I.R.C.P. 56(d), a party lacking facts essential to opposing summary judgment must request a continuance. The Heims did not request a continuance prior to the district court granting summary judgment. It is well-settled that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error. *Atkinson v. 2M Co., Inc.*, 164 Idaho 577, 582, 434 P.3d 181, 186 (2019). Because the Heims failed to move for a continuance, they cannot now assert the district court erred by failing to grant one.[3]

---

[3]  After entry of judgment, the Heims moved for relief under I.R.C.P. 60(b). In their supporting memorandum, they contended that the district court could have granted a continuance. The district court denied their Rule 60(b) motion and the Heims have not appealed that denial. As such, we will not review the denial for error. Even if we construed their Rule 60(b) motion as a request for a continuance, this request was raised months after the grant of summary judgment and was not timely.

**C.     Prohibiting Argument by Attorney Attempting to Represent the Heims**

Although not well-articulated, the Heims appear to assert that the district court abused its discretion by failing to allow the attorney to appear and argue on their behalf at the summary judgment hearing. The attorney stated at the hearing that he was attempting to make a limited pro bono appearance on behalf of the Heims. To make such an appearance, the attorney was required to file and serve a notice of appearance "specifying all matters that are to be undertaken on behalf of the party." I.R.C.P. 11.4(a). The attorney did not file this required notice prior to the hearing. As a result, the district court did not err in denying the attorney's request to appear and argue on behalf of the Heims.

**D.     Costs and Attorney Fees on Appeal**

Action Collection requests costs and attorney fees under I.C. § 12-120(3).[4] Action Collection sought to recover on an account created by the Heims' dental expenses, triggering a potential award of attorney fees under I.C. § 12-120(3). Action Collection is the prevailing party and, as such, is entitled to costs under I.A.R. 40(a) and attorney fees under I.C. § 12-120(3).

**III.**

**CONCLUSION**

The Heims have failed to show the district court abused its discretion during the summary judgment hearing by denying their request to present testimony, by not sua sponte continuing the hearing, or by denying the attorney's request to argue on their behalf. Therefore, the judgment in favor of Action Collection is affirmed. As the prevailing party, Action Collection is awarded its costs and attorney fees on appeal.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[4]     Action Collection also requests attorney fees under I.C. § 12-120(1). However, attorney fees are not available under subsection (1) when subsection (3) applies, as is the case here. *See* I.C. § 12-120(1) ("Except as provided in subsection[] (3) . . . ."). Action Collection also notes the Court may award attorney fees if it determines that the Heims' appeal was frivolous. *See* I.C. § 12-121. However, Action Collection did not cite the relevant statute as the basis for its request for attorney fees, so we will not consider attorney fees under that statute. *See Stephen v. Sallaz & Gatewood, Chtd.*, 150 Idaho 521, 529, 248 P.3d 1256, 1264 (2011).