772 P.2d 737

**Antonio ORTIZ and Mary Ortiz, husband and wife, Plaintiffs–Respondents,**

v.

**Earl H. REAMY, Jr., Defendant–Appellant.**

**No. 17060.**

Court of Appeals of Idaho.

May 3, 1989.

Michael B. McFarland, Coeur d'Alene, for defendant-appellant.

Everett D. Hofmeister, Coeur d'Alene, for plaintiffs-respondents.

PER CURIAM.

The sole issue in this appeal is whether the prevailing party in a civil action should have received an award of attorney fees. The district court refused to grant fees claimed under a contract or, in the alternative, under I.C. § 12–121. For reasons explained below, we affirm the district court's order with respect to the contract,

vacate it with respect to I.C. § 12–121, and remand the case.

Earl Reamy sold a five-acre parcel of land in Kootenai County to Antonio and Mary Ortiz. He also gave the buyers an informal assignment of rights under an existing building permit. The sale was made with a title-retaining contract to be placed in escrow. The sale documents contained a warning that building permits on small acreages might be limited in the future. Nevertheless, the buyers later alleged in this lawsuit that the seller or his agent falsely and fraudulently made oral representations that permits would continue to be available without restriction.

After the sale, the buyers allowed the existing permit to lapse. When they applied for another, they were informed by county zoning officials that building permits for parcels smaller than ten acres were unavailable in the area of the county where the land was located. The buyers abandoned the property, stopped making payments on the sale contract, and filed this lawsuit against the seller. Their complaint sought rescission and damages for fraud. The seller denied any misrepresentation. Deeming the contract to be in default, the seller terminated the escrow, retrieved all documents and retained prior payments as liquidated damages.

About one week before trial, it was discovered that the county zoning officials had misinterpreted a zoning map. It turned out that building permits for parcels smaller than ten acres were available after all. However, the buyers expressed no interest in reviving the contract. Instead, they continued to pursue their claim of damages for fraud. The case was tried to the district court without a jury. The judge found that the buyers had failed to prove by "clear and convincing evidence" that any oral representations had been made concerning availability of building permits. Moreover, the court noted that such representations, even if made, would not have been untrue except during the hiatus caused by the county's error. The court entered judgment for the seller, but

declined to award attorney fees. The seller appealed.

■ The seller now contends that he should have received an attorney fee award, either as a matter of law under the real estate sale contract or as a matter of discretion under I.C. § 12–121. The contract provided, in pertinent part, as follows:

Should it become necessary for either party to *commence legal action to enforce the terms of this contract*, the prevailing party shall be entitled to recover, in addition to all other rights hereunder, reasonable attorney's fees, including court costs. [Emphasis added.]

The trial court held that this provision did not entitle the seller to attorney fees, even though he was the prevailing party, because he had not "commence[d] [a] legal action to enforce the terms of [the] contract." Rather, he had defended against an action seeking rescission and damages for fraud. We find no error in the judge's ruling.

Idaho Code § 12–121 authorizes a trial court, in its discretion, to award attorney fees in any civil action. Rule 54(e)(1), I.R.C.P., provides that awards may be made under the statute if the court finds that a case has been "brought, pursued or defended frivolously, unreasonably or without foundation." Here, the question is whether the buyers "brought" or "pursued" their claim of fraud "frivolously, unreasonably or without foundation." The trial court found that the action "was not so brought." The court did not comment on whether the action had been so "pursued."

■ Although the seller insists that the buyers' lawsuit was, in fact, brought "frivolously, unreasonably and without foundation," he has not presented a record sufficient to frame the issue. He has not furnished us a transcript with which we could determine whether the buyers failed to present substantial evidence of the alleged oral representations about building permits, or whether such evidence simply fell short of the "clear and convincing" threshold applicable to fraud cases. *See, e.g., Faw v. Greenwood*, 101 Idaho 387, 613 P.2d 1338 (1980). Consequently, we are

unable to say that the court abused its discretion in determining that the buyers had not "brought" this action "frivolously, unreasonably or without foundation."

However, the record does show that when the county's error was discovered a week before trial, any representations (if made) about the availability of building permits had turned out to be true. With that information in hand, it would appear that the buyers had·a scant basis to continue insisting that the seller's alleged representations had been not only false but fraudulent. Consequently, although this lawsuit may not have been "brought ... frivolously, unreasonably or without foundation" in light of the information available when the suit was commenced, the suit may well have been "pursued ... frivolously, unreasonably or without foundation" in light of the information subsequently received.

 The terms "brought" and "pursued," used disjunctively in Rule 54(e)(1), signify that a nonprevailing litigant may suffer an award of fees if a claim which is arguably meritorious when initially asserted is rendered frivolous, unreasonable or without foundation by subsequent events or information during the pendency of the suit. Of course, a fee award in such circumstances would encompass only the fees reasonably incurred by the prevailing party after the claim had ceased to be arguably meritorious. Whether such a point existed in this case is a question better answered by the district court, with its deeper knowledge of the facts and its first-hand opportunity to observe the unfolding litigation, than by this Court.

Accordingly, we vacate the order denying attorney fees insofar as it relates to I.C. § 12–121, and we remand for the district court to determine whether this lawsuit was "pursued ... frivolously, unreasonably or without foundation." The order is affirmed with respect to the claim of fees under the contract. No costs or attorney fees are awarded on appeal.