949 P.2d 597

Manuel NAVARRETE and Dora Morales Navarrete, husband and wife, individually, as a marital community and as parents and heirs of Manuel Navarrete, Jr., their deceased minor child, Plaintiffs,

v.

CITY OF CALDWELL, Canyon County, Caldwell–Treasure Valley Rodeo, Inc., a/k/a Caldwell Night Rodeo Association, Park Towne Construction Company, Salvador Alfaro, & Does Defendants 1–10, whose true names and identities are unknown, Defendants.

CITY OF CALDWELL, Cross Claimant–Appellant,

v.

Salvador ALFARO, Cross Defendant– Respondent,

and

Caldwell–Treasure Valley Rodeo, Inc., a/k/a Caldwell Night Rodeo Association, Cross Defendant.

CALDWELL–TREASURE VALLEY RODEO, INC., a/k/a Caldwell Night Rodeo, Third–Party Plaintiff,

v.

The HARTWELL CORPORATION, an Idaho Corporation, and Raymond Wolfe, an individual, Third–Party Defendants.

No. 23449.

Court of Appeals of Idaho.

Dec. 5, 1997.

Evans, Keane, LLP, Boise, for appellant. David V. Nielsen argued.

Brady, Lerma, Chtd., Boise, for respondent. Bret A. Walther argued.

PERRY, Judge.

The City of Caldwell appeals from the district court's order granting Salvador Alfaro summary judgment. The City contends that Alfaro, under the terms of his sublease, was obligated to defend the City in a wrongful death action brought by a third party. We affirm.

## I.

### FACTS AND PROCEDURE

The underlying case involved a number of parties, but only two are involved in this appeal—Alfaro and the City. The underlying case was a wrongful death action brought by the parents of Manual Navarrete, Jr., who died when he fell through the bleachers at a rodeo stadium in Caldwell.

The City of Caldwell had leased the property to Caldwell–Treasure Valley Rodeo, Inc. (CTVR), who then subleased the property to Alfaro. The parents brought suit against Alfaro because he promoted the rodeo and against the City because it owned the property. Pursuant to the sublease, Alfaro was obligated to obtain a liability policy naming the City as an additional insured. However, when the City tendered the defense of this suit to the insurer, the insurer refused to defend or indemnify the City. Thereafter, the City notified Alfaro of the insurer's decision, but Alfaro also refused to provide a defense or to indemnify the City. The City filed a cross-claim against Alfaro contending that

Alfaro had agreed to defend and indemnify the City for lawsuits which may be brought against it as a result of Alfaro's use of the property. Alfaro filed a motion for summary judgment claiming that he had met his obligations under the sublease agreement with CTVR and that he had not breached the contract. The district court granted Alfaro's motion for summary judgment. The City appeals.

## II.

## ANALYSIS

We must address two issues on appeal. We will first decide whether the district court erred when it granted Alfaro's motion for summary judgment and then determine whether attorney fees should be awarded on appeal.

### A. Summary Judgment

The City contends the district court erred when it granted Alfaro summary judgment on the City's cross-claim for breach of contract. Summary judgment under Idaho Rule of Civil Procedure 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

Once the moving party establishes the absence of a genuine issue, the burden shifts to the nonmoving party to make a showing of the existence of a genuine issue of material fact on the elements challenged by the moving party. *State v. Shama Resources Ltd. Partnership*, 127 Idaho 267, 270, 899 P.2d 977, 980 (1995). Idaho Rule of Civil Procedure 56(c) requires the entry of summary judgment against a nonmoving party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof. *Id.*

The central issue revolves around the interpretation of Alfaro's sublease with CTVR. The question whether a contract is ambiguous is one of law, over which we exercise free review. *Badell v. Badell*, 122 Idaho 442, 445, 835 P.2d 677, 680 (Ct.App.1992). A contract is ambiguous, as a matter of law, if it is reasonably subject to conflicting interpretations. *Id.* If the contract is ambiguous, its meaning turns on the underlying intent of the parties. Intent is a question of fact to be determined by the fact finder in light of the language of the entire agreement, the parties' conduct, the course of prior negotiations and other extrinsic information. *Id.* If a contract is unambiguous, the determination of the contract's meaning and legal effect is a question of law, and the meaning of the contract and intent of the parties must be determined from the plain meaning of the contract's own words. *City of Idaho Falls v. Home Indem. Co.*, 126 Idaho 604, 607, 888 P.2d 383, 386 (1995). Oral and written statements are inadmissible to contradict or vary unambiguous terms. *In re Wilhite v. Northwest Yearly Meeting Pension Fund*, 128 Idaho 539, 545, 916 P.2d 1264, 1270 (1996).

Two clauses of the sublease are at issue here. First, Alfaro (the lessee) agreed to "protect and provide [himself] with normal liability insurance"[1] under paragraph twelve. Second, paragraph seventeen bound Alfaro to list the City as an additional insured.[2] The

---

1. Under "LESSEE AGREES AS FOLLOWS," paragraph twelve read: "Protect and provide [himself] with normal liability insurance."

2. Under "LESSEE AGREES AS FOLLOWS," paragraph seventeen read: "*Insurance*—We

must have a copy by May 6, 1994. We must be listed in this order on policy:

    A. Caldwell Night Rodeo Arena and directors
    B. City of Caldwell."

contracting parties bound to the sublease were Alfaro and CTVR. However, Alfaro does not dispute that the City can enforce the subject term of the contract pursuant to the third-party beneficiary doctrine found in I.C. § 29–102.[3]

■ The terms of the sublease agreement are clear and unambiguous. Alfaro had an obligation to procure "normal liability insurance" and name the City as an additional insured on the policy. Alfaro's motion for summary judgment was accompanied by an affidavit, in which Alfaro stated:

> 2. On February 2, 1994, Salvador Alfaro entered into a Sublease Agreement with the Caldwell Night Rodeo. The term of the Sublease was for the day of May 15, 1994. Pursuant to the February 2, 1994 Sublease Agreement, Paragraph 17, Salvador Alfaro procured a Commercial General Liability ("CGL") insurance policy which named both the Caldwell Night Rodeo and the City of Caldwell as additional insureds;
>
> 3. Salvador Alfaro, pursuant to Paragraph 17 of the Sublease Agreement, *purchased and procured normal liability insurance to protect himself, the Caldwell Night Rodeo, and the City of Caldwell.* [Emphasis added.].

The City did not submit an affidavit or evidence which refuted this fact and, therefore, did not place this fact at issue. At oral argument counsel for the City conceded that Alfaro procured "normal liability insurance" and had the City named as an additional insured.

The City contends, however, that even though Alfaro complied with the technical terms of the sublease, Alfaro breached the sublease because he failed to comply with the spirit of the terms. Essentially, the City argues that the intention of Alfaro and CTVR was that the City would receive the benefits of both a defense and indemnity should the City ever be subject to suit arising from Alfaro's use of the rodeo grounds. The City asserts that this covenant was breached because the insurance company denied these benefits. The record before us does not indicate the basis for the insurer's denial. However, the City asserts it was denied the benefit of the sublease covenant because Alfaro and CTVR also refused to defend the City when it tendered its defense. We are unpersuaded.

Uncontroverted evidence shows that Alfaro did precisely what he was required to do by the sublease, which was clear and unambiguous. The City offered no evidence that the Commercial General Liability policy procured by Alfaro was not "normal liability insurance." Therefore, the district court properly determined that there was no genuine issue of material fact regarding Alfaro's contractual obligations. We conclude that the district court did not err when it granted summary judgment for Alfaro.[4]

**B. Attorney Fees on Appeal**

■ Alfaro requests attorney fees for his response to this appeal as provided for by I.A.R. 41(a) and I.C. § 12–121. Such an award is appropriate when we are left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). We will grant attorney fees when the appellant simply requests us to second-guess the trial court on conflicting evidence or if the law is well-settled and the appellant fails to make a showing that the trial court misapplied the law. *Blaser v. Cameron,* 121 Idaho 1012, 1018, 829 P.2d 1361, 1367 (Ct.App.1991).

---

3. Idaho Code Section 29–102 provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." The district court did not address the issue of whether the City should be entitled to enforce the contract as a third-party beneficiary, and Alfaro has not raised it as an issue on appeal. Therefore, we will proceed under the postulate that the City is a third-party beneficiary to the Alfaro/CTVR sublease.

4. Currently pending in the Third Judicial District is an action brought by the City against the insurance company. We make no comment whether the insurance company may have breached the insurance agreement. However, there is no evidence before us indicating that Alfaro is responsible for any alleged breach by the insurer.

■ Upon review, we conclude that the City's appeal has been brought without foundation. When a contract is clear and unambiguous, we are to use the plain meaning of the words, and we do not look to the intent of the parties. Alfaro filed an affidavit in which he stated he complied with the precise terms of the sublease. The City did not refute this fact below and conceded at oral argument on appeal that Alfaro purchased normal liability insurance. Therefore, we are left with the abiding belief that the City has brought this appeal without foundation. The City, as a third-party beneficiary, has not demonstrated that any terms of the sublease are ambiguous and, as such, has failed to establish that there was a genuine issue of fact which would have made the district court's grant of summary judgment improper. Under these circumstances, Alfaro is entitled to an award of attorney fees on appeal.

## III.

## CONCLUSION

We affirm the district court's order granting Alfaro summary judgment. Costs and attorney fees are awarded to Alfaro in an amount to be determined pursuant to Idaho Appellate Rules 40 and 41.

LANSING, C.J., and SCHWARTZMAN, J., concur.