53 P.3d 330

WIN OF MICHIGAN, INC., a corpo-
ration, and Lowell S. Miller,
Plaintiffs–Appellants,

v.

YREKA UNITED, INC., an Idaho corpora-
tion, & Edith M. Borjessan & Loyd J.
Borjessan as officers of Yreka United,
Inc., Defendants–Respondents.

No. 24129.

Supreme Court of Idaho,
Boise, April 2002 Term.

June 7, 2002.

Rehearing Denied Aug. 13, 2002.

Stephen F. Smith, Sandpoint; David A. Kallman, Lansing; Michigan, and David B. Carter, Jr., Grand Ledge, Michigan, for appellants. David A. Kallman argued.

Scott W. Reed, Coeur d'Alene, argued for respondents.

WALTERS, Justice.

Lowell Miller and his solely owned corporation, Win of Michigan, Inc. (hereinafter referred to as Win/Miller), appeal from a summary judgment order and an order denying relief from judgment dismissing their complaint. For the reasons stated below, we affirm the district court.

## FACTS AND PROCEDURAL BACKGROUND

On July 8, 1991, Win/Miller brought an action against Yreka United, Inc. (Yreka) and two of its former corporate officers, Loyd and Edith Borjessan, a married couple. Miller alleged that in August of 1989, Edith Borjessan as president of Yreka terminated an agency contract with him whereby Miller was to act on behalf of the Borjessans and Yreka to obtain the surface rights to land on which Yreka had subsurface rights in the form of unpatented mining claims.[1] Not only did Miller not obtain fee simple title for Yreka as promised, his efforts led to the termination of lease payments to Yreka that had been the corporation's only source of income, the validation proceedings on Yreka's unpatented claims by the Bureau of Land Management, and ultimately to Yreka's 1997 bankruptcy filing. Miller also alleged that his repeated requests to inspect Yreka's corporate records were improperly denied by Edith Borjessan in violation of I.C. § 30–1–52, thus entitling him to a statutory penalty.

In January of 1995, Yreka's motion for leave to file a counterclaim was granted by the district court. In its counterclaim, Yreka asserted a claim against Miller for damages for failure to negotiate the agreement pursuant to the agency contract such that Yreka did not obtain the surface rights in fee to its unpatented mining claims and damage for the loss of yearly assessment payments from 1991 through 1994 and in perpetuity per unpatented claim.

Win/Miller filed a summary judgment motion on May 13, 1997, seeking dismissal of the counterclaim, which the plaintiffs alleged was filed (a) beyond the time provided in the court rules, (b) as against the wrong party, and (c) sought damages that were not proximately caused by Win of Michigan, Inc. A second summary judgment motion was filed on the same date, seeking judgment against the defendants on the claim of breach of the agency contract (Count I of the original complaint). The Borjessans filed a motion for summary judgment on May 14, 1997, seeking dismissal of the plaintiffs' claims against them. On May 22, 1997, Win/Miller filed a cross-motion for summary judgment seeking judgment on their I.C. § 30–1–52 claim against the Borjessans (Count II of the original complaint). Counsel for Yreka withdrew, and on June 13, 1997, Yreka filed Chapter 7 bankruptcy in the Federal District Court of Idaho.

A hearing on the cross-motions for summary judgment was held on July 14, 1997. The district court expressed its findings on the record, holding that the defendants were entitled to summary judgment. The district court also awarded attorney fees and costs to the Borjessans upon a finding that the plaintiffs' suit was "frivolous, unreasonable, and without foundation in the contemplation of I.C. § 12–121 and Rule 54." The district court then issued a supplemental memorandum order regarding costs and fees on December 2, 1997.

---

1. At the time of the alleged contract, the federal government and the Bureau of Land Management contemplated building a ski gondola from Kellogg, Idaho over a route including Yreka's patented and unpatented mining claims and the adjoining unpatented claims of Silver Corporation of America, a mining company owned and operated by Miller.

Win/Miller filed a Rule 60(b), I.R.C.P. motion for relief from judgment, which it amended several times and added attachments thereto as it acquired information through the bankruptcy proceeding. The 60(b) motion was resolved by order of the district court dated October 1, 1998, wherein the district court ruled in favor of the Borjessans and awarded costs and attorney fees. The judgment awarding costs was entered on January 12, 1999. Win/Miller appealed.

## STANDARD OF REVIEW

■ When the Supreme Court reviews a district court's decision on summary judgment, it employs the same standard as that properly employed by the trial court when originally ruling on the motion. *Kolln v. Saint Luke's Reg'l Med. Ctr.*, 130 Idaho 323, 940 P.2d 1142 (1997); *Selkirk–Priest Basin Ass'n v. State ex rel. Batt*, 128 Idaho 831, 919 P.2d 1032 (1996). Summary judgment is only proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Selkirk–Priest Basin Ass'n, supra.*

## ANALYSIS

### I

### ORDER STRIKING THE AMENDED COMPLAINT WAS NOT ERROR

The plaintiffs here filed a 159 page amended complaint, relying on the parties' May 1996, stipulation and order, and simply forwarding a copy of the amended complaint to the defendants Borjessan by mail. The amended complaint named new defendants and alleged additional claims that the plaintiffs asserted arose out of the conduct, transaction, or occurrence set forth in the original complaint; and it requested a jury trial. The defendants filed a motion to strike the amended complaint, arguing that the parties' stipulation[2] was directed only to reopening discovery and was never intended as a *carte blanche* opportunity for the plaintiffs to expand the scope of the lawsuit to the propor-

tions evidenced by the proposed amended complaint. Moreover, the defendants objected to the amended complaint because the plaintiffs had failed to comply with the requirements of I.R.C.P. 15, governing amendments.

The district court granted the defendants' motion to strike the amended complaint and then instructed the plaintiffs to seek leave of the court to file their amendment. In the minutes of the October 16, 1996, hearing on the motions, the district court found that the stipulation at issue contained a latent ambiguity, in that it was subject to conflicting interpretation. Win/Miller argues that in light of the parties' stipulation, the district court erred in denying the filing of the amended complaint. Win/Miller does not explain why a later motion to file the amended complaint was never noticed for hearing.

■ Idaho Rule of Civil Procedure 15(a) provides that once a responsive pleading has been served, a party may amend a pleading only by leave of court or by written consent of the adverse party. I.R.C.P. 15(a). The decision to grant or refuse permission to amend a complaint is left to the sound discretion of the trial court when a party proposes to amend its complaint after a responsive pleading is served. *Hines v. Hines*, 129 Idaho 847, 934 P.2d 20 (1997). Because of the plaintiffs' contention that the amendment was presented pursuant to the parties' stipulation, we review the stipulation to determine whether it supports Win/Miller's attempt to amend their original complaint.

■ In order to ascertain the intention of the contracting parties, the contract must be considered as a whole and in its entirety. *Canyon View Irrigation Co. v. Twin Falls Canal Co.*, 101 Idaho 604, 619 P.2d 122 (1980), *cert. denied*, 451 U.S. 912, 101 S.Ct. 1983, 68 L.Ed.2d 301 (1981). The primary objective in interpreting a contract is to discover the intent of the parties, *Rutter v. McLaughlin*, 101 Idaho 292, 293, 612 P.2d 135, 136 (1980), which should, if possible, be ascertained from the language of the docu-

---

**2.** The stipulation was entitled Stipulation to Reopen Discovery and had been prepared in consideration of the vacation of the scheduled trial date. The stipulation provided that the attendant discovery deadlines would need to be reset once a new trial date was set.

ment. *Twin Lakes Village Property Ass'n, Inc. v. Aune, et al.,* 124 Idaho 132, 857 P.2d 611 (1993).

The determination of whether a document is ambiguous and subject to conflicting interpretations is a matter of free review. *DeLancey v. DeLancey,* 110 Idaho 63, 65, 714 P.2d 32, 34 (1986). If a contract is unambiguous, determination of the contract's meaning and legal effect is a question of law, and the meaning of the contract and the intent of the parties must be determined from the plain meaning of the contract's own words. *Navarrete v. City of Caldwell,* 130 Idaho 849, 949 P.2d 597 (Ct.App.1997). Interpretation of an ambiguous document presents a question of fact. *DeLancey, supra, citing Pollard Oil Co. v. Christensen,* 103 Idaho 110, 115, 645 P.2d 344, 349 (1982).

The parties' stipulation was entitled Stipulation to Reopen Discovery in consideration of the vacation of the scheduled trial date and because the attendant discovery deadlines would need to be reset once a new trial date was set. The contents of the brief stipulation, which was drafted by the plaintiffs' counsel, are as follows:

> IT IS HEREBY STIPULATED AND AGREED, by and between counsel of record for the above named parties, that an Order be entered allowing discovery to be reopened through the 31st day of August, 1996.
>
> IT IS FURTHER STIPULATED that the parties shall have until the 14th day of September, 1996, to amend their pleadings, witness lists, exhibit lists and related filings.
>
> IT IS STILL FURTHER STIPULATED that depositions be scheduled for between July 15 and July 31, 1996.

We recognize that the stipulation is reasonably subject to conflicting interpretations, and we agree with the district court's finding of a latent ambiguity. A "latent ambiguity" is one that is not evident on the face of the instrument alone, but becomes apparent when applying the instrument to the facts as they exist. *Matter of Estate of Kirk,* 127 Idaho 817, 907 P.2d 794 (1995). Notwithstanding the ambiguity we perceive in the second paragraph of the stipulation that states that "the parties shall have until the 14th day of September to amend their pleadings," we construe the contract most strongly against the person who prepared the contract. *See Walker v. American Cyanamid Co.,* 130 Idaho 824, 948 P.2d 1123 (1997). Win/Miller, therefore, must bear the responsibility for indefiniteness of the terms. *Dale's Service Co., Inc. v. Jones,* 96 Idaho 662, 534 P.2d 1102 (1975), *overruled on other grounds by Peavey v. Pellandini,* 97 Idaho 655, 551 P.2d 610 (1976). From the record before this Court, we can find no abuse of discretion by the trial court of such extent as to require setting aside its ruling disallowing the plaintiffs' amended complaint without prior leave of the court.

## II

### SUMMARY JUDGMENT IN FAVOR OF THE BORJESSANS WAS PROPERLY GRANTED

Win/Miller claimed it was entitled to recover the statutory penalty of fifty dollars per day for each day that Yreka and its officers or agents refused the shareholders' requests made pursuant to I.C. § 30–1–52. Miller and other shareholders sent letters beginning in October of 1990 to Edith Borjessan, who was Yreka's president at the time, requesting copies of the corporation's financial statements, a current shareholder list, a copy of the geological report being prepared for the corporation, and copies of the shareholder meeting minutes from 1989 and 1990. In February of 1991, Lowell Miller telephoned Mrs. Borjessan seeking confirmation of a time when he might be allowed to examine all of the records in her possession relative to Yreka. Miller made repeated requests of Mrs. Borjessan for himself and on behalf of other shareholders, even after he had examined first hand the records provided by Yreka's accountant that were represented to be the annual corporate filings required by the SEC and the corporation's stock ledger cards, such as they were. On one occasion, Miller appeared at the Borjessans' home for the purpose of searching through all of the files in the home to discov-

er any documents related to Yreka, but he was turned away.

The district court recited its findings on the record at the conclusion of the summary judgment hearing and stated the essential facts that requests for the records were made by the plaintiffs to the defendants Borjessan at various times and that the requests were refused upon advice of counsel. The district court further determined that the demands of family for inspection of the records were nothing more than the demands of plaintiff Miller, ghost written for many of the other plaintiffs in an effort to multiply the statutory penalty. In its memorandum order of October 29, 1997, the district court concluded that Win/Miller should not prevail on their claim for statutory penalties because the requests were devoid of "any proper purpose" as required by I.C. § 30–1–52.

Idaho Code § 30–1–52 provides in pertinent part:

> Any person who shall have been a holder of record of shares ... upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose its relevant books and records of accounts, minutes and record of shareholders and to make extracts therefrom.

There is no dispute that the shareholders were qualified under the terms of the statute to have access to the corporation's books and records or that Miller was the duly named assignee of the other shareholders wanting to see the corporation's books and accounts. The record is clear that the corporation never operated any mines of its own or of others, and never employed miners or functioned as a mining company except to possess some claims upon which it was able to draw an annual stipend through a lease agreement, which also produced nothing. The demand letters requesting that copies of materials be mailed to the shareholders did not comply with the statute and were not within the contemplation of the statute, which only requires that a corporation's records be made available to shareholders for examination. Requests for the corporation's geological reports were completely unauthorized, as were any requests made other than in writing. Finally, we conclude that the requests were not in proper form so as to require a response from the corporation.

In keeping with the statute, any officer, agent of the corporation, or the corporation, which shall refuse to allow a shareholder to examine and make extracts from the books, records of account, minutes and record of shareholders shall be liable for the daily penalty. There is, however, no evidence in the record of anyone other than Edith Borjessan, president, being in possession of any corporate records and refusing information being sought by the shareholders.

To survive summary judgment on the claim for the statutory penalty under I.C. § 30–1–52,[3] Win/Miller needed to establish a proper request, for a proper purpose, and a refusal by a party enumerated in the statute. The district court determined that the plaintiffs' purpose for inspection of the records was purely to generate a lawsuit for a statutory penalty, it being clear that "there is nothing in this corporation of any value that hasn't been consumed by the attorney fees expended thus far." We find it unnecessary to decide whether the purpose of the requests was proper because we conclude that the requests were not presented as prescribed in the statute. Therefore, in consideration of the failure of an essential element of the statutory penalty claim, albeit not the element held not to have been established by the district court, we affirm the award of summary judgment in favor of the Borjessans and the dismissal of the claim. See Celotex v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Podolan v. Idaho Legal Aid Services, Inc., 123 Idaho 937, 854 P.2d 280 (Ct.App.1993).

## III

## DENIAL OF THE RULE 60(b) MOTION WAS PROPER

Win/Miller claims that the district court erred in disallowing oral testimony at the

---

**3.** This statute has since been repealed, and a new statute relating to corporate information of materials has been passed by the legislature.

hearing on their Rule 60(b) motion and in denying the motion, which sought to set aside the judgment. We consider each argument in turn.

▮ In support of the plaintiffs' Rule 60(b) motion, counsel for the plaintiffs sought to present the testimony of Lowell Miller to explain the information derived from the Yreka bankruptcy proceedings. Defense counsel brought an *ex parte* motion to bar Miller's proposed oral testimony. The district court entered an order denying the plaintiffs' request to present oral testimony. Miller, who traveled to Idaho for the hearing, argues that he should have been allowed to testify.

▮ Idaho Rule of Civil Procedure 43(e) [4] authorizes oral testimony at motion hearings, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions. The decision whether to admit oral testimony on a motion is discretionary. *See Johnson v. City of Homedale,* 118 Idaho 285, 796 P.2d 162 (Ct.App.1990). Miller had previously submitted affidavits in which he outlined information concerning assets of Yreka reported in its voluntary bankruptcy. The district court's decision to limit the presentation of evidence to the affidavits was well within the bounds of the court's discretion to manage the presentation of evidence. We therefore uphold the district court's ruling disallowing the oral testimony.

▮ Win/Miller moved the district court for relief from the judgment dismissing the statutory penalty claim on the basis of surprise, newly discovered evidence, and fraud under Rule 60(b)(1), (2), and (3), respectively. The surprise asserted by the plaintiffs stemmed from the district court's addition of the element of value in its analysis of whether Win/Miller had advanced a proper purpose in seeking to obtain the corporate records. The documents filed in Yreka's bankruptcy were the source of the newly discovered evidence, which the plaintiffs claimed was material to their statutory penalty claim. Lastly, the plaintiffs alleged that Yreka and the Bor-

jessans had perpetrated a fraud upon the court through misrepresentation and misconduct.

▮ The decision to grant or deny relief pursuant to a motion under this rule is within the sound discretion of the trial court and, absent a manifest abuse of that discretion, such decision will not ordinarily be disturbed on appeal. *Johnston v. Pascoe,* 100 Idaho 414, 599 P.2d 985 (1979); *Deutz–Allis Credit Corp. v. Smith,* 117 Idaho 118, 785 P.2d 682 (Ct.App.1990). We therefore examine (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Center v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In order to be entitled to relief under the 60(b) motion, the moving party must establish a mistake, inadvertence, surprise or excusable neglect. The district court's findings and a single comment on the miniscule value, if any, which the plaintiffs were trying to establish through an examination of the corporate records pursuant to I.C. § 30–1–52 is not such surprise as to be redressed by a 60(b) motion. Indeed, the district court explained that the plaintiffs were the first to inject the term "value," which the court indicated was only a peripheral element and more pertinent to the attorney fee question and the reasonableness of the plaintiffs' suit. Nor do we find an abuse of discretion by the district court in denying the motion on the ground of newly discovered evidence. The district court found that the plaintiffs' new evidence had been available at the time of the summary judgment hearing. The district court also held that none of the evidence represented any credible evidence of any assets or business worth of the corporation but only Win/Miller's interpretation of the corporation's assets and their value.

---

4. I.R.C.P. 43(e) provides: "When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

■ For purposes of subdivision (3) of the rule, fraud will be found only in the presence of such tampering with the administration of justice as to suggest a wrong against the institutions set up to protect and safeguard the public. *Artiach Trucking, Inc. v. Wolters,* 118 Idaho 656, 798 P.2d 938 (Ct. App.1990). In this regard, the district court determined that there had been no material misrepresentation of the corporation's worth by the Borjessans—a finding that is supported by the evidence. Where the trial court makes findings of fact which are not clearly erroneous, the court applies the proper criteria under this rule and the court's legal conclusions flow logically from the application of such criteria to the facts found, then the court will be deemed to have acted within its sound discretion. *Bull v. Leake* 109 Idaho 1044, 712 P.2d 745 (Ct.App.1986).

Under the facts and circumstances as they appear in the record, we conclude that the denial of the Rule 60(b) motion was a proper exercise of the district court's discretion.

## IV

### THE DISTRICT COURT'S AWARD OF ATTORNEY FEES IS AFFIRMED

■ Following its rulings on the summary judgment and the Rule 60(b) motion, the district court awarded attorney fees to the Borjessans as the prevailing parties. Holding that Win/Miller's suit was pursued unreasonably and without foundation, the district court based its original award on I.C. § 12–121. In the order awarding fees subsequent to the Rule 60(b) motion hearing, the district court found "the action and the Rule 60 motion were brought and pursued frivolously, unreasonably and without foundation." Win/Miller argues that their pursuit of the corporate records was not frivolous but necessary to protect the interests of Yreka's shareholders. Additionally, Win/Miller asserts that the United States Bankruptcy Court's acceptance as valid of all the proofs of claim filed by Win/Miller as valid further supports their argument that the suit was not frivolous.

■ Whether an action was brought, pursued or defended frivolously, unreason-

ably or without foundation is a matter within the broad discretion of the trial court. *Etcheverry Sheep Co. v. J.R. Simplot Co.,* 113 Idaho 15, 19, 740 P.2d 57, 61 (1987); *Everett v. Trunnell,* 105 Idaho 787, 790–791, 673 P.2d 387, 390–91 (1983). Even though an action might be proper at its commencement, facts might thereafter develop which indicate that the case was then pursued frivolously, unreasonably, or without foundation. *See Anson v. Les Bois Race Track, Inc.,* 130 Idaho 303, 939 P.2d 1382 (1997); *Ortiz v. Reamy,* 115 Idaho 1099, 1101, 772 P.2d 737, 739 (Ct.App. 1989).

In this case, the district court made extensive findings that Miller's efforts to obtain the corporate records were for an improper purpose. Relying on those findings, the district court then determined that the lawsuit was consistent with that improper purpose and had been brought unreasonably and without foundation. The district court understood that it had discretion to make a fee award, explained its rationale for the same and did not exceed the boundaries allowed for the exercise of its discretion. *Sun Valley Shopping Center v. Idaho Power Co., supra; Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 733 P.2d 824 (Ct.App.1987). Accordingly, we uphold the district court's discretionary award of fees.

### CONCLUSION

The district court acted within the bounds of its discretion in disallowing the amendment to the complaint absent leave of the court. We uphold the summary judgment awarded in favor of the Borjessans and the denial of the plaintiffs' Rule 60(b) motion for relief from judgment. We also affirm the award of fees granted below.

■ The Borjessans have requested attorney fees on appeal under I.C. § 12–121. In normal circumstances, attorney fees will only be awarded when the court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). Because this was a *bona fide* appeal involving the interpretation

of I.C. § 30–1–52, and because the statute had not been interpreted in the context of the issues raised in this appeal by any prior decision of this Court, we reject the request for an award of fees.

Costs to the Respondents, the Borjessans.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.