**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46771**

| | |
|---|---|
| LARRY ALAN TAYLOR, | ) |
| | ) Filed: December 11, 2019 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment dismissing post-conviction petition, <u>affirmed</u>.

Larry A. Taylor; Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Larry Alan Taylor appeals from the district court's judgment dismissing his petition for post-conviction relief. Taylor argues the district court erred because it: (1) sua sponte dismissed his first amended petition; (2) did not properly consider his motion for a change of venue; and (3) denied his motion for appointment of counsel. Because Taylor's first amended petition was not filed in accordance with Idaho Rule of Civil Procedure 15, his motion for change of venue was not timely, and there was no possibility of a valid claim for which the court could have granted his motion for appointment of counsel, the judgment dismissing Taylor's post-conviction petition is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In April of 2015, Taylor filed a petition for post-conviction relief, alleging ineffective assistance of counsel and breach of the plea agreement by both the prosecution and his counsel in

1

his underlying criminal case. The district court appointed Taylor post-conviction counsel, who filed an amended petition for post-conviction relief, which included an additional claim that Taylor lacked the capacity to enter his guilty plea during the proceedings. The State moved for summary dismissal of Taylor's amended post-conviction petition, contending that Taylor's petition failed to raise a genuine issue of material fact and Taylor did not support his claims with admissible evidence. Following a hearing on the motion, the district court agreed with the State's assertions, specifically finding that Taylor had failed to support his claims with admissible evidence.[1] The court issued an order to dismiss the petition; however the court never entered a final judgment. Subsequently, Taylor's post-conviction counsel entered a notice of withdrawal, noting there remained no pending proceedings in the matter.

Approximately three years later, Taylor filed a pro se motion for a judgment in his post-conviction case. Taylor indicated that he became aware of the lack of a final judgment in the proceeding during an attempt to pursue habeas corpus relief in federal court. Taylor subsequently petitioned the court to file a judgment in the case.

Approximately three weeks after his final request for a judgment, Taylor filed a pro se first amended petition for post-conviction relief. The petition specified that Taylor sought to:

> [compel] this new action, (1.) as the original action was filed by a friend and he was transferred to another location, and took all the Petitioner's pleading[s] and records with him leaving the Petitioner blind to the original pleadings, he did not know this action was open (2) [until] he filed a Petition for a Writ of Habeas Corpus in the United States District Court . . . and this new petition does move to properly be similar to the federal action.

Taylor's first amended petition for post-conviction relief alleged a multitude of issues including: allegations of innocence, failure to conduct a competency hearing, coercion of his guilty plea, cruel and unusual punishment, violations pertaining to the failure to release Taylor at the end of his determinate sentence, and various violations related to the denial of access to legal resources while incarcerated. Contemporaneously with his first amended petition for post-conviction relief, Taylor filed a motion for change of venue, a motion for production of record, and a motion for access to an expert.

---

[1] The description of the district court's analysis during the hearing on the State's motion for summary dismissal is derived from the court minutes of the proceedings. A transcript of the hearing was not provided on appeal.

2

Two months later, the district court issued a judgment dismissing Taylor's amended petition for post-conviction relief. After the district court issued the judgment, Taylor filed a motion for appointment of counsel in the post-conviction proceedings. The district court, finding that the action was already dismissed, denied Taylor's motion. The district court did not rule on Taylor's first amended petition for post-conviction relief. Taylor timely appeals from the district court's judgment dismissing his amended petition for post-conviction relief.

## II.

## ANALYSIS

### A. The District Court's Judgment Dismissing Taylor's Amended Post-Conviction Petition Was Not a Sua Sponte Dismissal

Taylor argues the district court's judgment of dismissal constituted a sua sponte dismissal of his first amended petition for post-conviction relief; an action Taylor alleges was unreasonable because it resulted in the dismissal of his petition without the substance of its allegations being addressed by the court.[2] The State, referencing only Taylor's amended petition for post-conviction relief, contends that because Taylor did not allege any error in the district court's dismissal of his amended petition, he subsequently abandoned all of his post-conviction claims on appeal.

It is unclear from the record whether Taylor intended his first amended petition for post-conviction relief to act as an amendment to his previously filed petition or a successive petition for post-conviction relief because Taylor titled the filing as a first amended petition but used language throughout the petition that he was compelling a "new action." If Taylor intended the filing to be understood as a successive petition, he did not provide argument and authority in the district court supporting this construction or sufficient reason why his new claims were not asserted in his amended petition for post-conviction relief. Taylor also failed to make any

---

[2] Throughout his appeal, Taylor references a federal district court's determination that Taylor's habeas corpus petition raised cognizable constitutional violations when it stayed Taylor's federal proceedings as supporting evidence of his claims. To the extent that a federal court's preliminary factual determination may have any persuasive impact on a state court proceeding, Taylor failed to provide any evidence of the federal district court's finding in the record. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Therefore, this Court will not consider the federal court's alleged factual determinations on appeal.

assertion that he was bringing the new claims within a reasonable period of time. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, Taylor failed to preserve these arguments. Accordingly, this Court will not analyze Taylor's first amended petition for post-conviction relief as a successive petition, and instead, will consider it as an amendment to the previously filed petition for post-conviction relief.

When considering Taylor's first amended petition for post-conviction relief, this Court notes that pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

Because an action for post-conviction relief initiates a civil proceeding, post-conviction actions are generally governed by the I.R.C.P. *Cole v. State*, 135 Idaho 107, 110, 15 P.3d 820, 823 (2000). Pursuant to I.R.C.P. 15, after the opposing party has filed a responsive pleading, a petitioner may amend the initial pleading only if the court gives permission or the adverse party provides written consent to do so. Although a court should give leave to amend freely, when a party proposes to amend its complaint after service of a responsive pleading, "[t]he decision to grant or refuse permission to amend a complaint is left to the sound discretion of the trial court." *Win of Michigan, Inc. v. Yreka United, Inc.*, 137 Idaho 747, 750, 53 P.3d 330, 333 (2002). In these circumstances, a court does not abuse its discretion by disallowing an amended pleading filed by a party without prior leave of the court. *Id*. at 751, 53 P.3d at 334.

Here, when Taylor filed his first amended petition for post-conviction relief, he did so without the State's written consent and without filing a motion for leave to amend his petition, in violation of I.R.C.P. 15. Because Taylor did not properly request and receive permission to amend his previously filed amended petition for post-conviction relief, his first amended petition for post-conviction relief was not properly before the district court. *See Cole*, 135 Idaho at 111, 15 P.3d at 824.

Because the first amended petition for post-conviction relief was not properly before the district court, the issue is whether the district court erred in dismissing Taylor's previously filed amended petition for post-conviction relief. It did not. Idaho Code § 19-4906 permits a court to rule summarily on applications for post-conviction relief by granting a motion of either party

4

under I.C. § 19-4906(c), or by dismissing the application sua sponte under I.C. § 19-4906(b). *Workman v. State*, 144 Idaho 518, 523, 164 P.3d 798, 803 (2007). Although "[w]hen a court dismisses an application sua sponte, the statute requires the court give the applicant 20-days' notice prior to the proposed dismissal," *id.*, the Idaho Supreme Court has held that, when a district court summarily dismisses a post-conviction petition relying in part on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010). Therefore, in these circumstances the dismissal will not be treated as sua sponte. *Buss v. State*, 147 Idaho 514, 517, 211 P.3d 123, 126 (Ct. App. 2009).

Here, the State moved for summary dismissal pursuant to the procedures prescribed by I.C. § 19-4906(c) after Taylor's counsel filed the amended petition for post-conviction relief. During the hearing on the motion, the district court held that it agreed with all the State's points, including that Taylor had not put forth any admissible evidence to support his claims. Subsequently, the court granted the State's motion and issued an order of dismissal. Since the court's dismissal relied on the same grounds the State presented in its motion, it was not a sua sponte dismissal of Taylor's amended petition, but rather a final judgment entered following the order of dismissal of Taylor's amended petition for post-conviction relief.

**B.      The District Court Did Not Err in Denying Taylor's Motion for a Change of Venue**

Taylor alleges the district court erred because it did not review and rule on his motion for a change of venue. However, courts generally do not have to rule on all motions prior to dismissing a case because a final judgment disposes of outstanding issues in an action. *Lanham v. Lanham*, 160 Idaho 89, 93, 369 P.3d 307, 311 (Ct. App. 2016). Instead, when a district court fails to rule on a motion, it is presumed the court denied the motion. *State v. Wolfe*, 158 Idaho 55, 61, 343 P.3d 497, 503 (2015). Once the underlying case is dismissed, this presumption becomes conclusive. *Id*. at 62, 343 P.3d at 504. Therefore, the district court's judgment dismissing Taylor's post-conviction petition acted as a denial of Taylor's motion for a change of venue.

To the extent Taylor alleges the district court erred by denying his motion for a change in venue, Taylor did not timely file the motion for the court's consideration. The Uniform Post-Conviction Procedure Act states that a petitioner commences a post-conviction action by filing a verified application with the clerk of the district court in which the conviction took place. I.C.

5

§ 19-4902. Further, the "application shall be heard in, and before any judge of, the court in which the conviction took place." I.C. § 19-4907. However, because all rules and statutes applicable in civil proceedings are available to the parties, I.C. § 19-4907, a post-conviction petitioner may theoretically move for a change of venue when it appears by affidavit, or other satisfactory proof, that there is reason to believe an impartial trial cannot be had in the court in which the action is filed or the convenience of witnesses and the ends of justice would be promoted by the change, I.R.C.P. 40.1. Although the exact time period for filing pretrial motions is generally a matter determined by the court through a scheduling order, I.R.C.P. 16, in order for the purpose of the change of venue motion to be fulfilled, the motion must be filed before the trial or dispositive hearing is held.

Here, it is unclear whether Taylor's motion for a change of venue related to his amended petition, or his first amended petition, for post-conviction relief. If it related to his amended petition, Taylor filed his motion for a change of venue three years after the hearing on the State's motion for summary dismissal and the district court's order of dismissal of Taylor's amended post-conviction petition. Therefore, even if the court could consider a motion for a change of venue in a post-conviction action, the district court did not err in denying Taylor's motion because the motion was untimely. If, however, the motion for a change of venue related to Taylor's first amended petition for post-conviction relief, the district court did not err because, as the first amended petition was not properly before the court, there was no pending action on which to change venue.

## C. The District Court Did Not Err by Denying Taylor's Motion for Appointment of Counsel

Taylor alleges the district court erred in denying his motion for appointment of counsel because he asserted claims of "legal access prejudice" in his first amended petition for post-conviction relief. Alternatively, Taylor argues the district court should have construed his motion for appointment of counsel as a request for re-assignment of counsel to represent him during the post-conviction proceedings. The State contends that Taylor's arguments procedurally and substantively fail because Taylor did not provide argument and authority to support his assertions and did not allege facts in his amended petition that show the possibility of a valid claim for post-conviction relief. The State does not address Taylor's claims as they relate to his first amended petition for post-conviction relief.

6

Taylor filed his motion for appointment of counsel more than two weeks after the district court issued its final judgment. Because there was no longer a pending case, there was no possibility of a valid claim for which the court could have granted Taylor's request for appointment of counsel. There were no further proceedings in district court for which Taylor would need the assistance of counsel; therefore, the district court did not err in denying Taylor's motion for the appointment of counsel.

## III.
## CONCLUSION

Because Taylor's first amended petition was not filed in accordance with I.R.C.P. 15, his motion for change of venue was not timely, and there were no pending matters at the time he filed his motion for the appointment of counsel, the district court's judgment dismissing Taylor's amended post-conviction petition and implicitly denying all outstanding motions, is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.